[Cite as *State v. Mosley*, 2023-Ohio-1362.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MONTAND LAMONT MOSLEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0091**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 22 CR 104

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown Ohio  44503, for Plaintiff-Appellee and

*Atty. Martin Yavorcik*, 940 Windham Court, Suite 7, Boardman, Ohio  44512, for Defendant-Appellant.

Dated:  April 26, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Montand Lamont Mosley, appeals from a Mahoning County Court of Common Pleas judgment convicting him of receiving stolen property and sentencing him to one year in prison. For the following reasons, we affirm the trial court's judgment.

{¶2} On March 24, 2022, Appellant was charged with: receiving stolen property in violation of R.C. 2913.51 and 2913.51(C), a fourth-degree felony; contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24(B)(1) and 2921.31(A) and 2921.31(B), a first-degree misdemeanor; and obstructing official business in violation of R.C. 323.12 (A)(2) and (F)(1), a second-degree misdemeanor.

{¶3} On May 25, 2022, Appellant, with counsel, entered into a plea agreement whereby Appellant would plead guilty to receiving stolen property. The plea agreement stated that Appellant faced a 6 to 18 month prison sentence and a fine of $5,000. Under the "Maximum Penalty" section, the agreement stated that the prison term was "discretionary" and the State agreed to "recommend community control contingent upon defendant making restitution in the amount of $1,000 prior to or at sentencing. Otherwise, State to recommend prison."

{¶4} The trial court held a plea hearing on May 25, 2022. The court informed Appellant of the possible 6 to 18 months in prison and the fine. (Plea Tr. at 10). The court further informed Appellant that Appellant could receive probation. (Plea Tr. at 10). The court accepted Appellant's guilty plea and continued his bond until his sentencing on July 27, 2022. (Plea Tr. at 16). The court told Appellant to follow the same terms as previously imposed for his bond prior to his plea. (Plea Tr. at 16).

{¶5} On June 1, 2022, the trial court issued a judgment entry accepting Appellant's guilty plea to receiving stolen property. The court continued Appellant's recognizance bond at the recommendation of the State.

{¶6} On July 27, 2022, the court held the sentencing hearing. The State informed the court that Appellant had paid no restitution and he had a bench warrant from Campbell Municipal Court. (Sent. Tr. at 2). The prosecution represented that it was now

recommending that the court sentence Appellant to incarceration because he did not pay restitution.  (Sent. Tr. at 2-3).

**{¶7}**    Appellant's counsel explained that he was going to request that the court continue the sentencing because, while Appellant intended to pay the restitution, circumstances arose preventing him from doing so.  (Sent. Tr. at 3).  Counsel stated that Appellant was supposed to graduate from high school in June, but he did not because he was incarcerated. (Sent. Tr. at 3).  Counsel also stated that Appellant went to summer school and earned his high school diploma and degree from Choffin on July 12.  (Sent. Tr. at 3).

**{¶8}**    Defense counsel further explained that upon receiving his degree, Appellant secured a job with a construction company, but he had not yet received a paycheck as he had started employment a week prior to sentencing.  (Sentencing Tr. at 4).  Counsel stated that the bench warrant from Campbell Municipal Court was issued because Appellant had been incarcerated in the instant case when the court date for the Campbell Municipal Court proceeding arose and Appellant was not transported from the jail to that court.  (Sent. Tr. at 4).

**{¶9}**    The trial court noted that Appellant was then released on bond in the instant case and still did not go to Campbell Municipal Court.  (Sent. Tr. at 5).  Defense counsel agreed that Appellant did not do so.  (Sentencing Tr. at 5).  The court stated:

> See, I may be old fashioned in my belief, but the defendant in a criminal case - - I don't want to say always, because some of them are really stupid. But the defendant in a criminal case almost always knows that he's been charged with something.

(Sentencing Tr. at 5).

**{¶10}**  Defense counsel requested that the court continue the sentencing hearing and the court denied the request, responding:

> Continue the case so he could get this pretend job and then pay restitution at some time if he didn't spend the money on himself. It's been two months since he pled guilty.  It's a thousand dollars.

\* \* \*

> How did he live?  He had to eat during that period of time.  He had to - - had
> to buy groceries or pay bills or do something.   There isn't even a nickel
> towards restitution. So this guy has no intent to pay anybody anything.  He
> thinks this is a joke.  Thinks this is a skate through the court like he's been
> skating.  Well, there's no ice skating rink in this court.  Ain't gonna happen.
> The deal was restitution and he walks out of here.

(Sent. Tr. at 6-8).  Counsel stated that Appellant's mother was his sole source of income until he obtained his job.  (Sent. Tr. at 8).  Counsel explained that Appellant's mom provided for him and the only benefit he received was food stamps through his family. (Sent. Tr at 8).  Counsel also noted that Appellant had no prior criminal record.  (Sent. Tr. at 8).

{¶11}  The court responded that Appellant's juvenile record contained something that disturbed him "greatly."  (Sent. Tr. at 8).  The court also referred to the Campbell Municipal Court case, indicating that Appellant just ignored that case, which dealt with a gun.  (Sent. Tr. at 8).  The court also referenced the instant case, indicating that Appellant should have been charged with much more than the crime to which he pled guilty.  (Sent. Tr. at 9).

{¶12}  Defense counsel requested that the court sentence Appellant to community control since Appellant took responsibility by pleading guilty.  (Sent. Tr. at 9).  The court noted that the probation department recommended that Appellant be placed at CCA. (Sent. Tr. at 9).

{¶13}  The court recalled that the State was going to recommend that Appellant receive probation if he paid restitution.  The court reviewed the facts of the case, which concerned an armed carjacking by Appellant and another man.  (Sent. Tr. at 10).  The court read from the police officer's narrative, which described the incident and the officer pursuing the stolen vehicle at a high rate of speed through the streets when the vehicle crashed into a tree and all five occupants of the vehicle got out and fled.  (Sent. Tr. at 10-11).

**{¶14}** Appellant responded, "I'm confused on how all this happened to me and I didn't have nothing to do with it. I just got picked up. I told the courts that." (Sent. Tr. at 12). The court responded, "You just happened to be out in the neighborhood and they picked you up and charged you." (Sent. Tr. at 12). Appellant responded, "yes." (Sent. Tr. at 12). The court stated, "And then you come in here and you plead guilty and agree to pay a thousand dollars in restitution because you had nothing to do with anything." (Sent. Tr. at 12). Appellant stated, "Right." (Sent. Tr. at 12).

**{¶15}** The court stated:

So you stiffed the victim on the restitution. So the prosecutor says, I'm not bound by the agreement to recommend probation if you pay restitution.

I consider the recidivism factors likely, they speak against you. The seriousness factors, in this Court's opinion, speak against you. There's certainly none of the factors in those considerations that speak in your favor.

The 2929.13(B)(1) factors I'm supposed to consider for a felony five[sic], and they say I'm not supposed to put you in the penitentiary. That's what the law says, I'm not supposed to put you in the penitentiary. I must impose a community control sanction if the community control sanction is consistent with the purposes and principles of sentencing. Purposes and principles are to punish the offender. Community control sanction has been tried on the guy before, it doesn't work, and certainly is not punishment. And to protect the public from future crime by this offender and others that would do the same type of thing.

So these other guys that were with him and didn't happen to be walking through the neighborhood at the same time or place need to know that this is the big time. This is for real.

So the Court has the discretion to do what's right in this case and what's right in this case is to put you in the penitentiary. That's where you belong. You've been getting away with too much for too long and that's why you keep doing it, because nobody does anything about it.

(Sent. Tr. at 14-16). On August 5, 2022, the court's sentencing entry reflected that a sentencing hearing was held, and prior to the hearing, the State informed the court that Appellant had an active bench warrant for his arrest out of Campbell Municipal Court. (Sentencing J.E.). The court also indicated that the State changed its recommendation for sentencing from community control to prison since Appellant failed to pay restitution.

**{¶16}** The court also indicated in the sentencing entry that it sentenced Appellant to one year in prison after considering the record, the statements of the parties, the presentence investigation report, and the purposes and principles of sentencing under R.C. 2929.11. (Sentencing J.E.). The court stated that it had balanced the seriousness and recidivism factors under R.C. 2929.12 and followed the guidance of the degree of felony in R.C. 2929.13.

**{¶17}** The court additionally noted that it considered Appellant's failure to pay restitution as required, and the instant offense occurred while Appellant was on bond with Campbell Municipal Court for improperly handling a firearm in a motor vehicle. The court stated that it also considered that Appellant was out on a bench warrant since February 25, 2022, while out on bond in the instant case since February 22, 2022.

**{¶18}** The court sentenced Appellant to one year in prison.

**{¶19}** Appellant filed the instant appeal asserting one assignment of error.

**The trial court erred in sentencing Appellant to the penitentiary in violation of R.C. 2929.13(B)(1)(a).**

**{¶20}** Appellant notes that under R.C. 2953.08(G), the appellate standard of review for felony sentences is clear and convincing evidence. He submits that we may increase, decrease, or modify a felony sentence, or vacate and remand a sentence, only if clear and convincing evidence shows that the record does not support the court's specified findings, or the trial court's sentence is contrary to law.

**{¶21}** Appellant quotes R.C. 2929.13(B)(1)(a), which provides that a court shall sentence a defendant convicted of a fourth or fifth-degree felony to community control if three conditions are met. He submits that he meets these conditions. He also quotes R.C. 2929.13(B)(1)(b), which provides that a court has discretion to impose a prison term on a defendant convicted of a fourth or fifth-degree felony if one of ten conditions apply.

Appellant asserts that he meets R.C. 2929.13(B)(1)(a) because he had no prior felony offenses, the most serious charge in the instant case is a fourth-degree felony, and he had no prior misdemeanor offenses of violence that were committed within two years of the instant offense. He contends that the court was required to sentence him to community control.

{¶22} Appellant acknowledges that R.C. 2929.13(b)(1)(b) sets forth ten conditions for which a court may impose a sentence on a fourth-degree felony. He asserts that none of these conditions apply in his case.

{¶23} Appellant explains that the bench warrant was issued when he was incarcerated for the instant offense and jail officials failed to transport him to the Campbell Municipal Court for his hearing in that case. He acknowledges that he should have cleared this issue up before sentencing in this case. He also contends that he did not violate terms of any bond. Appellant submits that the indictment in the Campbell Municipal Court case predated the indictment in the instant case by two months. He points out that he was charged in the Campbell Municipal Court case on January 31, 2022 and was indicted in the instant case on March 24, 2022.

{¶24} Appellant also concludes that a failure to make restitution is not a valid exception to R.C. 2929.13(B)(1)(a).

{¶25} Appellee counters that an appellate court must review a sentence under R.C. 2953.08(G)(2) and cannot independently weigh the evidence or substitute its judgment about whether the sentence best reflects compliance with R.C. 2929.11 and R.C. 2929.12. Appellee concludes that the only way to reverse the sentence in this case is by finding that it is contrary to law.

{¶26} Appellee asserts that even though R.C. 2929.13(B)(1) would generally prohibit the trial court from imposing a prison term, R.C. 2929.13(B)(2) provides exceptions to this general prohibition for first-time felony-four offenders. Appellee cites R.C. 2929.13(B)(2)(iii) and 2929.13(B)(2)(x), which allow a trial court to sentence a defendant to prison on a fourth-degree felony if he violates the terms of his bond or if he commits the offense while on bond. Appellee contends that Appellant violated the terms of his bond by failing to appear for his court hearing in the Campbell Municipal Court and

he committed the offense in this case while he was on bond from Campbell Municipal Court.

{¶27} The parties are correct that the proper standard of appellate review is that of clear and convincing evidence. R.C. 2953.08(G)(2) is entitled "Appeals based on felony sentencing guidelines" and provides in relevant part:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶28} At sentencing, the trial court explained that it considered the recidivism factors, the seriousness factors, and R.C. 2929.13(B)(1) factors for sentencing a defendant for a fourth-degree felony, although the court incorrectly stated it was a "felony five." (Sent. Tr. at 15). The court acknowledged that it was not supposed to impose a prison sentence in such a case and it should sentence Appellant to a community control sanction if it is consistent with the purposes and principles of sentencing. However, the court informed Appellant that it had discretion to impose a prison sentence and it was doing so in this case.

{¶29} R.C. 2929.13(B)(1)(a) provides:

> ***Except as provided in division (B)(1)(b) of this section***, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court

shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed. [emphasis added].

**{¶30}** However, R.C. 2929.13(B)(1)(b) provides:

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907 of the Revised Code.

(v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii) The offender committed the offense for hire or as part of an organized criminal activity.

(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

**{¶31}** R.C. 2929.14(B)(1)(a) plainly provides that the trial court must sentence a fourth or fifth-degree felon to community control, "except as provided in division (B)(1)(b) of this section." The trial court here thus had discretion to impose a sentence other than community control if any of the factors of R.C. 2929.14(B)(1)(b) applied.

**{¶32}** At the sentencing, the court noted Appellant's pending case in Campbell Municipal Court. (Sent. Tr. at 14). The court explained that it had Appellant arrested on a bench warrant so that the municipal court could address its pending case with Appellant. (Sent. Tr. at 14). The court explained that the Campbell Municipal Court case was from January and the sentencing in the instant case was July, so the other case was still pending. (Sent. Tr. at 14).

Case No. 22 MA 0091

**{¶33}** The court also explained in its sentencing entry that it had considered the sentencing factors. The court noted that Appellant committed the instant offense while on bond from Campbell Municipal Court for improperly handling a firearm in a motor vehicle. The court further noted that Appellant had a bench warrant in Campbell Municipal Court while out on bond in the instant case. (Aug. 5, 2022 J.E.).

**{¶34}** A comparison of the Campbell Municipal Court, Case Number 2022 CRB 00049, the Youngstown Municipal Court (2022 CRA 00128Y) and Mahoning County Common Pleas dockets for the instant case shows that the trial court was correct in finding that Appellant had violated bond and committed the instant offense while he was on bond from Campbell Municipal Court. Even though the charges in the Campbell Municipal Court case were filed on January 31, 2022, Appellant was placed on bond in that case on February 1, 2022, and the charges in the instant case were filed in Youngstown Municipal Court on February 22, 2022. The Campbell Municipal Court case was therefore pending when Appellant committed the instant offense.

**{¶35}** Further, Appellant violated the bond terms in the Campbell Municipal Court case by failing to appear for the February 25, 2022 hearing in that case, even though he was out on bond in the instant case. Appellant was jailed on the bench warrant from February 18, 2022 to February 22, 2022, when he was arraigned on the charges in this case in Youngstown Municipal Court and given a bond. The Campbell Municipal Court docket shows that Appellant was not transported from the jail to that court's February 22, 2022 pretrial, but that court rescheduled the pretrial to February 25, 2022 and Appellant failed to appear even though he was on bond in the instant case.

**{¶36}** Moreover, although the court discussed the fact that Appellant did not pay any restitution, it provided the proper findings and reasons to sentence Appellant to one year in prison.

**{¶37}** Consequently, we cannot clearly and convincingly find that the record in the instant case fails to support the sentencing court's findings under R.C. 2929.13(B) or the sentence is otherwise contrary to law.

Case No. 22 MA 0091

{¶38} Accordingly, Appellant's sole assignment of error lacks merit and is overruled.

Waite, J., concurs.

D'Apolito, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**